UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NORACELY MOJICA,

                      Plaintiff,

        -against-

WALMART STORES EAST, LP and
WAL-MART STORE #5293,

                    Defendants.
------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
23-CV-214 (JMA) (ARL)

**FILED**
**CLERK**

12:04 pm, May 04, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

        Plaintiff Noracely Mojica ("Plaintiff") filed a verified complaint in New York State Supreme Court, Queens County on September 3, 2021 asserting state law tort claims.  Defendants Wal-Mart Stores East, LP and Wal-Mart Store #5293 ("Defendants") removed the case to federal court on January 13, 2023.  Plaintiff now seeks to remand this action back to state court on the ground that Defendants' removal was untimely.  For the reasons stated below, Plaintiff's motion for remand is denied.

## I.  BACKGROUND

        The verified complaint alleges that, on September 11, 2020, Plaintiff was injured at a Wal-Mart in Valley Stream when after she slipped on spilled laundry detergent.  (See Compl., ECF No. 1-1, ¶¶ 21-22.)  The complaint did not specify an amount of damages and, instead, simply alleged that "plaintiff has been damaged in a sum which exceeds the jurisdictional limits of any lower court[.]"  (Id. at 5.)

        Plaintiff filed her verified complaint in state court on September 3, 2021 and served Defendants shortly thereafter.  On November 19, 2021, Defendants filed and served their answer along with various discovery demands, including their request for a bill of particulars and ad

damnum request pursuant to N.Y. C.P.L.R. § 3017(c).  The ad damnum request demanded that Plaintiff identify the total damages sought by Plaintiff within 15 days.

Plaintiff not only failed to respond to Defendants' initial ad damnum request, but failed to respond to a trio of follow-up letters, namely those filed on May 20, 2022, July 5, 2022, and August 5, 2022.  (See ECF No. 1-2.)  Indeed, it was not until January 3, 2023 that Plaintiff finally responded to Defendants' November 19, 2021 ad damnum request.  (See ECF No. 1-3.)  This was approximately one year and two months after Plaintiff initiated the state court action.  Plaintiff's response was pursuant to a December 1, 2022 preliminary conference scheduling order issued by New York Supreme Court Justice Mojgan Cohanim Lancman, directing Plaintiff to serve a Bill of Particulars by January 11, 2023.  Plaintiff did not provide any explanation for her delay in responding.

In her discovery responses, Plaintiff "demand[ed] judgment against the defendants in the sum of Five Million Dollars."  (See ECF No. 1-3 at 4.)  On January 13, 2023, Defendants filed their Notice of Removal.  (See ECF No. 1 (Notice of Removal).)  The Notice of Removal was, as required by 28 U.S.C. § 1446(b)(3), filed within 30 days of the receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," see 28 U.S.C. § 1446(b)(3).  This was, however, more than one year after the action was filed in state court and Defendants were served with the complaint. Plaintiff filed a timely motion to remand this action back to state court on January 18, 2023.  (See ECF No. 8.)

## II. DISCUSSION

### A. <u>Legal Standard</u>

A district court has diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity of citizenship. 28 U.S.C. § 1332(a)(1).  A defendant seeking to remove a civil action from state court must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable," the 30-day clock does not begin to run until the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." <u>Id.</u> § 1446(b)(3).  Section 1446 also states that "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper."  28 U.S.C. § 1446(c)(3).

In addition to the 30-day deadline to file a removal petition set out in § 1446(b)(3), there is also an overarching one-year deadline for a defendant to remove a case based on diversity jurisdiction.  Section 1446(c)(1) states that a "case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  Multiple courts have deemed a plaintiff's deliberate failure to disclose the actual amount in controversy to prevent a case's removal to be bad faith under Section 1446(c)(3)(B).  <u>See</u>, <u>e.g.</u>, <u>Khakimova v. Acme Markets, Inc.</u>, No. 20-cv-02734, 2020 WL

5511537, at *1 (E.D.N.Y. Sept. 14, 2020); Marin v. Sephora USA, Inc., No. 20-cv-3520, 2020 WL 3999711, at *7 (S.D.N.Y. July 15, 2020).

**B. Analysis**

Plaintiff seeks remand on the ground that Defendants failed to remove this action within the 1-year removal limit set forth in 28 U.S.C. §§ 1446.  Plaintiff's assertion that the Notice of Removal is "procedurally defective" is based solely on the fact that Defendants removed this action more than one year after it was commenced in state court, thus rendering it untimely.  Defendant contends that Plaintiff's application should be denied because her unexplained, yearlong-plus failure to provide the requested discovery responses was excessive and constitutes "bad faith." The Court agrees.

Prior to its bad-faith analysis, the Court must ensure that diversity jurisdiction exists.  See Ramos v. Golden Touch Transportation of New York Inc., No. 21-cv-5676, 2022 WL 4551567, at *3 (E.D.N.Y. Sept. 29, 2022).  Defendants contend – and Plaintiff does not dispute – that they are citizens of Delaware and Arkansas, respectively, while Plaintiff is a New York citizen.  (See Notice of Removal ¶¶ 4-5.)  It is undisputed that Plaintiff seeks greater than $75,000 in damages.  (Id. ¶ 6; see also ECF No. 1-3 at 4.)  Diversity jurisdiction thus exists.

The Court next turns to the issue of bad faith.  As set forth above, the only exception to the one-year removal limit is where a district court finds that a plaintiff has acted in "bad faith" to prevent the defendant from properly removing the action.  See 28 U.S.C. § 1446(c)(1).  And, a plaintiff's deliberate failure to disclose the amount in controversy to prevent a case's removal constitutes bad faith.  See, e.g., Khakimova, 2020 WL 5511537, at *1; Marin, 2020 WL 3999711, at *7.  While the Second Circuit "has not yet had an occasion to interpret the scope of the 'bad faith' exception." the Court assumes that the defendant bears the burden of proving a plaintiff's

bad faith conduct by clear and convincing evidence.  Defendants can satisfy this burden where the plaintiff has "engaged in strategic gamesmanship to prevent a defendant's removal from state court."  See Iqbal v. Normandin Transit, Inc., No. 15-cv-0746, 2016 WL 3563218, at *1 (W.D.N.Y. July 1, 2016); Ehrenreich v. Black, 994 F. Supp. 2d 284, 290 (E.D.N.Y. 2014); see also Nocelli v. Kaiser Gypsum Co., Inc., No. 19-cv-1980, 2020 WL 230890, at *5 (S.D.N.Y. Jan. 15, 2020); Martinez v. Yordy, No. 16-cv-005, 2016 WL 8711443, at *2 (E.D.N.Y. Feb. 19, 2016) ("Where a plaintiff has taken action in close proximity to a defendant's time to remove and the actions do not appear to be justified, the court has inferred that such steps were taken in order to prevent defendant from removing.").

In support of their position, Defendants rely on the rationale enunciated in Ford-Smith v. HMS Host Corp., No. 19-cv-0947, 2020 WL 1242394, at *1 (N.D.N.Y. Mar. 16, 2020).  There, as here, the defendant timely served its N.Y. C.P.L.R. § 3017(c) demand with its answer to the plaintiff's state court complaint, which the plaintiffs ignored.  (Id.)  Over the next 17 months, defense counsel sent a trio of requests to plaintiffs reiterating its request; plaintiffs ignored these requests as well.  (Id.)  Despite lacking the plaintiffs' statement of damages, the defendant filed a notice of removal to federal court 18 months after the initial complaint had been filed.  (Id.)  The plaintiffs sought to have the matter remanded, and argued that:  (1) the defendant's notice of removal was untimely; and (2) the defendant could not establish an exception to the one-year removal limit based on the plaintiffs' alleged bad faith or deliberate actions to prevent removal.  (Id.)  The court disagreed and – notwithstanding its eventual decision to remand the matter on other grounds[1] – found that the bad-faith exception applied because of the plaintiffs' failures to

---

[1] Notwithstanding the Ford-Smith court's finding that the bad-faith exception applied, it granted the plaintiff's motion to remand because the defendant failed to "file its Notice of Removal within thirty days of its receipt of any paper from which it could ascertain that the case was removable." Ford-Smith, 2020 WL 1242394, at *6.

"offer a valid reason for delay in providing a Statement of Damages" or "articulate why they failed to respond to Defendant's discovery requests."  (Id. at *5.)  The plaintiffs' failures to respond to the defendant's requests, the Ford-Smith court explained, were "exacerbated by the fact that Defendant requested Plaintiffs' response to discovery on four separate occasions over the course of a year and a half."  (Id.)

Ford-Smith's persuasive logic is applicable to the facts at hand.  As set forth above, Defendants timely filed their answer and N.Y. C.P.L.R. § 3017(c) demand on November 19, 2021, which Plaintiff ignored.  As in Ford-Smith, Defendants sent Plaintiff three letters reiterating their November 19, 2021 request, all of which Plaintiff ignored.  (See ECF No. 1-2.)  Indeed, it was not until January 3, 2023, nearly 14 months after her initial complaint was filed and pursuant to a state court order, that Plaintiff finally responded to Defendants' November 19, 2021 request and demanded $5 million in damages.  (See ECF No. 1-3 at 4.)  Plaintiff has not provided any explanation for her delayed response.

The Court finds that Plaintiff acted in bad faith by deliberately ignoring Defendants' damages demands for over a year, and that she did so to prevent removal of this matter from state court.  Critically, Plaintiff deliberately kept Defendants in the dark as to the exact amount of her damages demand until well after the passage of the one-year removal limit and has not even attempted to justify her delay in responding.  The Court cannot condone Plaintiff's attempt to put Defendants in a lose-lose situation by forcing them to file a notice of removal either:  (1) within the one-year limit but without knowledge of Plaintiff's actual damages request; or (2) with knowledge of the damages request but outside of the one-year time period.[2]  Finally, Plaintiff's

---

[2] Unlike the Ford-Smith defendant, Defendants in this matter properly waited until receiving "paper from which [they] could ascertain that the case was removable" before filing their Notice of Removal. Ford-Smith, 2020 WL 1242394, at *6.

failure to justify her delay speaks volumes as to her motive – to prevent Defendants from removing this action.  Accordingly, the Court concludes that Plaintiff's failure to provide the requested discovery responses until 14 months after her initial filing of the complaint is sufficient to constitute bad faith.  The bad faith exception thus applies, and the Court concludes that the Notice of Removal was timely under § 1446(c)(1).

### III.  CONCLUSION

For the reasons stated above, Plaintiff's motion for remand is denied.  This matter shall be litigated in this Court.

**SO ORDERED.**

Dated: May 4, 2023
         Central Islip, New York

                                                   _____/s/  (JMA)_____
                                                   JOAN M. AZRACK
                                                   UNITED STATES DISTRICT JUDGE